UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION

| | |
|---|---|
| JAMES FIELDS, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 4:03CV1389 RWS |
| ) | |
| DON ROPER, ) | |
| ) | |
| Respondent. ) | |

# MEMORANDUM AND ORDER

This matter is before me on the petition for writ of habeas corpus filed by petitioner James Fields. I referred this matter to United States Magistrate Judge Frederick R. Buckles for a report and recommendation on all dispositive matters pursuant to 28 U.S.C. § 636(b). On August 10, 2006, Judge Buckles filed his recommendation that petitioner's habeas petition should be denied.

Petitioner objects to the Report and Recommendation. In his objections, petitioner argues that Judge Buckles improperly concluded that Grounds 4 and 5 of his petition were procedurally defaulted. Petitioner also claims that Judge Buckles erroneously determined that his petition should be denied. I have conducted a de novo review of the entire file, including all matters relevant to the petition. After

careful consideration, I will adopt and sustain the thorough reasoning of Magistrate Judge Buckles and will deny petitioner's habeas petition.

First, Judge Buckles correctly determined that Grounds 4 and 5 of petitioner's habeas petition are procedurally defaulted because they were not raised on direct appeal or on appeal from the denial of his motion for post-conviction relief. Judge Buckles correctly rejected petitioner's argument -- raised again here as an objection to the Report and Recommendation -- that this court can conduct "plain error" review of his procedurally defaulted claims. As Judge Buckles explained, procedurally defaulted claims cannot be reached by the federal habeas court unless the petitioner demonstrates adequate cause to excuse his default and resulting prejudice, or actual innocence. Although petitioner alleged that ineffective assistance of counsel constituted cause for his procedural default, Judge Buckles properly rejected that claim as insufficient to avoid the procedural bar. While ineffective assistance of counsel can, in some instances, constitute cause to avoid the procedural bar, in this case it cannot. Because petitioner's ineffective assistance of counsel claims are themselves procedurally defaulted, they cannot serve as a basis for demonstrating "cause" and avoiding the procedural bar with respect to the underlying claims. Edwards v. Carpenter, 529 U.S. 446, 453 (2000). Because

Grounds 4 and 5 are procedurally defaulted, I will overrule petitioner's objection to the procedural default analysis contained in the Report and Recommendation.

With respect to petitioner's claims that are not procedurally defaulted, I agree with Judge Buckles that the state court determination on the merits of these claims was not "contrary to" or an "unreasonable application of" clearly established federal law. 28 U.S.C. § 2254(d)(1). I also agree that petitioner has not shown that the state court determination "resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding." 28 U.S.C. § 2254(d)(2). Because Judge Buckles correctly decided petitioner's claims, I am overruling petitioner's objections to the Report and Recommendation and will deny habeas relief for the reasons stated in the Report and Recommendation.

I have also considered whether to issue a certificate of appealability. To grant a certificate of appealability, the Court must find a substantial showing of the denial of a federal constitutional right. See Tiedeman v. Benson, 122 F.3d 518, 522 (8th Cir. 1997). A substantial showing is a showing that issues are debatable among reasonable jurists, a court could resolve the issues differently, or the issues deserve further proceedings. Cox v. Norris, 133 F.3d 565, 569 (8th Cir. 1997) (citing Flieger v. Delo, 16 F.3d 878, 882-83 (8th Cir. 1994).

Petitioner has not made such a showing. Therefore, I will not issue a certificate of appealability.

Accordingly,

**IT IS HEREBY ORDERED** that the Report and Recommendation filed on August 10, 2006 [#19] is adopted and sustained in its entirety.

**IT IS FURTHER ORDERED** that petitioner's objections to the Report and Recommendation [#22] are overruled in their entirety.

**IT IS FURTHER ORDERED** that Petitioner James Fields's Petition for Writ of Habeas Corpus is **DENIED**.

**IT IS FURTHER ORDERED** that the Court will not issue a certificate of appealability.

A separate judgment in accordance with this Memorandum and Order is entered this same date.

_____
RODNEY W. SIPPEL
UNITED STATES DISTRICT JUDGE

Dated this 8th day of September, 2006.